linchen.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM

APR - 5 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>LIN CHEN,<br><br>        Defendant. | CRIMINAL CASE NO. 01-00051<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(c), the United States and the defendant, LIN CHEN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging him with Perjury in violation of Title 18, United States Code, Section 1621. The government will move to dismiss Count II at the time of sentencing.

2. The defendant, LIN CHEN, understands that the <u>maximum</u> sentence for Perjury is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional one (1) year of incarceration pursuant to 18 U.S.C. § 3583(e)(3). The parties agree

that the proper sentence in this case is a sentence of time served to be followed by two (2) years of supervised release and defendant shall be turned over to a duly authorized immigration official for deportation proceedings pursuant to Title 18, United States Code, Section 3583(d) and defendant shall pay a $100 special assessment fee. There will be no fine in this case.

3. The defendant understands that to establish a violation of Perjury as charged pursuant to 18 U.S.C. § 1621, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant testified under oath in writing that he had entered the United States on June 3, 2000, as a fisherman aboard the fishing vessel He Xing Long;
>
> Second: this testimony was false;
>
> Third: the false testimony was material to the matters before the Immigration and Naturalization Service; and
>
> Fourth: the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1982, and is a citizen of the People's Republic of China.

(b) On October 19, 2000, defendant submitted a written Application for Asylum and Withholding of Removal (Form I-589) to the Immigration and Naturalization Service (INS). His application was submitted under penalty of perjury pursuant to 28 U.S.C. § 1746. In that application he stated that he had arrived in the United States June 3, 2000, as a crew member of the fishing vessel He Xing Long. This statement was material to this Application for Asylum. This written statement was false, in that defendant did not enter Guam on June 3, 2000, and there is no fishing vessel named the He Xing Long. Defendant deliberately and knowingly made this false statement to conceal from the INS the true manner and date on which he had entered Guam.

-2-

Case 1:01-cr-00051   Document 51   Filed 04/05/2006   Page 2 of 4

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

(i) That this plea agreement has been translated into his native language, Mandarin, and he fully understands it.

DATED: 4/5/06

LIN CHEN
Defendant

DATED: 4/5/06

JOHN GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 4-5-06

By: 
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 4-5-06

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-4-

Case 1:01-cr-00051   Document 51   Filed 04/05/2006   Page 4 of 4